**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Maxy Edgar Rodriguez Cabrera**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Felix Tire and Auto LLC**, an Arizona limited liability company, **Felix Tire and Brakes LLC**, an Arizona limited liability company, and **Luis E. Felix-Solano and Josefina A. Felix Corona**, a married couple, | |
| Defendants. | |

Plaintiff, Maxy Edgar Rodriguez Cabrera ("Plaintiff" or "Maxy Edgar Rodriguez Cabrera"), sues the Defendants, Felix Tire and Auto LLC, Felix Tire and Brakes LLC, and Luis E. Felix-Solano and Josefina A. Felix Corona ("Defendants" or "Felix Tire") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

-1-

U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

-2-

8.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.     At all material times, Defendant Felix Tire and Auto LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant Felix Tire and Auto LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

-3-

13.    At all relevant times, Defendant Felix Tire and Auto LLC owned and operated as "Felix Tire," a tire company doing business in Maricopa County, Arizona.

14.    Under the FLSA, Defendant Felix Tire and Auto LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Felix Tire and Auto LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Felix Tire's employees, Defendant Felix Tire and Auto LLC is subject to liability under the FLSA.

15.    At all material times, Defendant Felix Tire and Brakes LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant Felix Tire and Brakes LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16.    At all relevant times, Defendant Felix Tire and Brakes LLC owned and operated as "Felix Tire," a tire company doing business in Maricopa County, Arizona.

17.    Under the FLSA, Defendant Felix Tire and Brakes LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Felix Tire and Brakes LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of

-4-

payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Felix Tire's employees, Defendant Felix Tire and Brakes LLC is subject to liability under the FLSA.

18.     Defendants Luis E. Felix-Solano and Josefina A. Felix Corona are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Luis E. Felix-Solano and Josefina A. Felix Corona are owners of Felix Tire and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19.     Under the FLSA, Defendants Luis E. Felix-Solano and Josefina A. Felix Corona are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Luis E. Felix-Solano and Josefina A. Felix Corona had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Feliz Tire's employees, Defendants Luis E. Felix-Solano and Josefina A. Felix Corona are subject to individual liability under the FLSA.

20.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

21.    On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a tire company in Maricopa County, Arizona.

22.    On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members under the FLSA.

23.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the tire company.

24.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

25.    Defendants, and each of them, are sued in both their individual and corporate capacities.

26.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

27. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

29. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

30. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

31. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

32. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

33. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

34. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

35. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

36. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

-7-

37.    At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

38.    Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

39.    Defendants own and/or operate as Felix Tire, a tire company doing business in Maricopa County, Arizona.

40.    Plaintiff was hired by and began working for Defendants on approximately September 8, 2024.

41.    Plaintiff's employment ended on or about October 27, 2024.

42.    At all relevant times, Plaintiff worked approximately seven workweeks for Defendants.

43.    Plaintiff was at all relevant an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

44.    At all relevant times, in his work for Defendants, Plaintiff worked as a manual laborer, performing non-exempt, tire-and-mechanical-related work for Defendants.

45.    Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of approximately $16.

46.    During his employment, Plaintiff generally worked approximately between 20 and 30 hours per week.

47.     In the final two workweeks of his employment with Defendants, Plaintiff worked a total of approximately between 40 and 50 total hours.

48.     Defendants did not pay Plaintiff any wage whatsoever for his final two workweeks of employment with them.

49.     As a result of failing to pay Plaintiff any wages whatsoever for the final two workweeks of his employment, Defendants failed to pay the applicable minimum wage to Plaintiff for such time.

50.     In addition, Defendants failed to pay certain wages to Plaintiff for the two consecutive biweekly pay periods prior to his final biweekly pay period.

51.     Specifically, for the biweekly pay period of approximately September 22, 2024, through approximately October 5, 2024, Defendants paid Plaintiff $500 despite his having worked approximately between 40 and 60 hours during such time.

52.     Specifically, for the biweekly pay period of approximately October 6, 2024, through to approximately October 19, 2024, Defendants paid Plaintiff $400 despite his having worked approximately between 40 and 60 hours during such time.

53.     As a result of failing to pay Plaintiff all wages due and owing for the two biweekly pay periods he worked prior to his final biweekly pay period, Defendants failed to pay earned wages to Plaintiff for work he performed, despite having suffered or permitted Plaintiff to work such time.

54.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

55. On information and belief, when Plaintiff left his employment with Defendants, Defendants had in their possession Plaintiff's address.

56. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

57. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

58. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

59. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

60. At all relevant times, Plaintiff was a non-exempt employee.

61. Plaintiff is a covered employee within the meaning of the FLSA.

62. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

-10-

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. As a result of not paying Plaintiff any wage whatsoever for his final two workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

68. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

69. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Maxy Edgar Rodriguez Cabrera, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

-11-

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

70.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.    As a result of not paying Plaintiff any wage whatsoever for his final two workweeks of employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

72.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

73.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Maxy Edgar Rodriguez Cabrera, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT FELIX TIRE AND AUTO LLC AND**
**FELIX TIRE AND BRAKES LLC, ONLY**

74.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.    As a result of the allegations contained herein, Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC did not compensate Plaintiff wages due and owing to him.

-13-

76.    Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

77.    Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to him.

78.    Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

79.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC.

80.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Maxy Edgar Rodriguez Cabrera, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC:

A.    For the Court to declare and find that De Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

-14-

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st day of January, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-15-

**VERIFICATION**

Plaintiff, Maxy Edgar Rodriguez Cabrera, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Maxy Edgar Rodriguez Cabrera (Jan 31, 2025 14:58 MST)
Maxy Edgar Rodriguez Cabrera

-16-