1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Maxy Edgar Rodriguez Cabrera,              No. CV-25-00339-PHX-MTL

10                   Plaintiff,                   **ORDER**

11   v.

12   Felix Tire and Auto LLC, et al.,

13                   Defendants.

14

15         Before the Court is Plaintiff's Motion for Alternative Service and for Extension of

16   Time to Serve. (Doc. 7.) The Court will grant the motion.

17                                      **I.**

18         On January 31, 2025, Plaintiff initiated this lawsuit, alleging violations of the Fair

19   Labor Standards Act and state law against his employers Defendants Felix Tire and Auto

20   LLC ("Felix Auto"), Felix Tire and Brakes LLC ("Felix Brakes"), Luis E. Felix Solano,

21   and Josefina A. Felix Corona. (Doc. 1.) A process server attempted to serve Defendants at

22   Luis and Josefina's residential address on February 11, 2025, in the afternoon. (Doc. 7 at

23   2.) Although many vehicles were present at the house and the interior lights were on, the

24   attempt was unsuccessful. (*Id.*; 7-1.) The process server made another attempt to serve

25   Defendants at Louis and Josefina's home on February 14 in the morning and February 15

26   in the afternoon, to no avail. (Doc. 7 at 2.) Later on February 15, 2025, however, the process

27   server successfully served Luis and Felix Brakes at Defendants' business address, despite

28   Louis initially using a false name to evade service. (*Id.* at 3; Docs. 5, 6.)

1    Over one month later, the process server attempted service on Josefina and Felix

2  Auto at the same business address, but the attempt was not successful because the business

3  appeared to be closed. (Doc. 7 at 3.) That same day—merely three hours later—the process

4  server again unsuccessfully attempted service at Defendants' business address and was

5  informed that Josefina, the sole member of Felix Auto, was in Mexico. (*Id.*)

6    This motion followed. Because Louis and Felix Brakes were served on February 15,

7  2025 (Docs. 5, 6), Plaintiff's motion only seeks alternative service for Josefina and Felix

8  Auto (Doc. 7).

9                                     **II.**

10    Federal Rules of Civil Procedure 4(e)(1) provides that individuals may be served by

11  "following state law for serving a summons in an action brought in courts of general

12  jurisdiction in the state where the district court is located . . . ." Arizona law enumerates

13  various sufficient methods to serve individuals and unincorporated associations, including

14  by:

15    (1) delivering a copy of the summons and the pleading being
served to that individual personally; (2) leaving a copy of each
16    at that individual's dwelling or usual place of abode with
someone of suitable age and discretion who resides there; or
17    (3) delivering a copy of each to an agent authorized by
appointment or by law to receive service of process.
18

19  Ariz. R. Civ. P. 4.1(d), (i). If a moving party shows service by those means is

20  "impracticable," the Court may "order that service [] be accomplished in another manner."

21  *Id.* 4.1(k)(1).

22    "There are no Arizona cases interpreting the meaning of 'impracticable' as that term

23  is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly

24  Rule 4.1(m)). In *Blair*, the Arizona Court of Appeals determined the standard of

25  impracticability requires something less than the "due diligence." *Id.* at 218-19 ("[T]he

26  showing for alternative service requires something less than a complete inability to serve

27  the defendant because the defendant's current address is unknown or the defendant

28  completely has avoided service of process."). The court deemed personal service to be

1    impracticable in *Blair* because the plaintiff attempted service at the defendants' place of

2    business and residence at various times on five different days and visited the defendants'

3    place of business on seven additional days but the defendants were not present. *Id.* at 219.

4    In addition, the *Blair* court "approvingly cited the language from a New York case on a

5    similar service issue," in which "the New York court concluded that three attempts at

6    service on three different days constituted sufficient efforts to warrant alternative means of

7    service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692-PHX-LOA,

8    2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

### III.

10    In this case, Plaintiff has made the requisite showing to justify alternative service.

11    The process server attempted to effectuate service at Louis and Josefina's residential

12    address on three occasions across four days, without success. (Doc. 7 at 2-3; 7-1.) And on

13    those occasions, the lights inside were turned on, and certain vehicles were present that the

14    process server also observed at Defendants' business address. (Doc. 7-1.) Further, the

15    process server attempted service at Defendants' business address three times on two

16    different days. (*Id.*) In total, Plaintiff has attempted to serve Josefina and Felix Auto six

17    times on four different days, over the course of approximately 1.5 months. (*Id.*) Therefore,

18    the Court finds the "impracticable" requirement of Rule 4.1(k) to be satisfied. *BMO Harris*

19    *Bank*, 2013 WL 4804482, at *4 (explaining that three service attempts on three different

20    days may be sufficient to warrant alternative service).

21    Because alternative service of process is appropriate, the Court must determine

22    whether Plaintiff's proposed method of alternative service comports with "constitutional

23    notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th

24    Cir. 2002). Plaintiff proposes serving Defendants Josefina and Felix Auto via U.S. mail

25    and certified mail. (Doc. 7 at 7.) Under Rule 4.1(k)(2), if alternative service is allowed,

26    "the serving party must mail the summons, the pleading being served, and any court order

27    authorizing an alternative means of service to the last-known business or residential

28    address of the person being served." Ariz. R. Civ. P. 4.1(k)(2).

Plaintiff is aware of Josefina's last-known residential address and Felix Auto's business address. Indeed, Plaintiff represents that a process server successfully served Louis and Felix Brakes at this same business address, and the process server observed the same Chevy Silverado Pickup as being present at Defendants' residential and business address. (Doc. 7-1.) Josefina's husband, Louis, has been served, and he informed the process server on February 15, 2025, that he was aware of the lawsuit. (*Id.* at 3.) The Court therefore determines there is a strong indication that service by first-class mail would apprise Defendants Josefina and Felix Auto of the pendency of this action and afford them the opportunity to present their objections. *Rio Props., Inc.*, 284 F.3d at 1016.

**IV.**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service and Extension for Time to Serve (Doc. 7) is **granted**. Plaintiff may serve the Summons, Complaint, and a copy of this Order on Defendants Felix Tire and Auto LLC and Josefina A. Felix Corona via first-class U.S. mail and Certified Mail to Defendants at 7601 E. Inverness Ave., Mesa, AZ 85209 and 35 S. Ellsworth Rd., Mesa, AZ 85209.

**IT IS FURTHER ORDERED** that Plaintiff may have through and including **May 31, 2025**, within which to serve process on all Defendants.

**IT IS FINALLY ORDERED** that Plaintiff's counsel shall file an affidavit within five (5) days of the completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 18th day of April, 2025.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

- 4 -