**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxy Edgar Rodriguez Cabrera,<br>Plaintiff,<br>v.<br>Felix Tire and Auto LLC, et al.,<br>Defendants. | No. CV-25-00339-PHX-MTL<br>**ORDER** |

Plaintiff filed this action for unpaid wages against Felix Tire and Auto LLC, Felix Tire and Brakes LLC, Luis E. Felix-Solano, and Josefina Felix Corona. (Doc. 1 ¶¶ 12-18) The complaint was served on Defendants Felix-Solano and Felix Tire and Brakes LLC. (Docs. 5, 6) Later, the complaint was served by alternative service on Defendants Josefina A. Felix and Felix Tire and Auto LLC pursuant to this Court's April 18, 2025 Order. (Docs. 8-12) Defendants did not appear, so Plaintiff obtained an entry of default from the Clerk of Court. (Doc. 14) Plaintiff now moves for the entry of a default judgment against all Defendants. (Doc. 18)

The Court has reviewed the Motion and the entire record. Jurisdiction and venue are proper. The Court also finds that Plaintiff has satisfied all service of process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff has also satisfied the conditions for the entry of default and the entry of a default judgment under Rule 55(a) and (b).

. . . .

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors below are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72.

The first, fifth, and sixth factors weigh in Plaintiff's favor. Denying default judgment would leave Plaintiff without a remedy, because Defendants chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor also supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the Motion. *Id*. Additionally, the sixth factor warrants entering default judgment because Defendants were properly served under Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k). (Docs. 5-6, 8-12) *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). Plaintiff has sufficiently alleged entitlement to relief on the merits. The complaint provides an estimate of the time that Plaintiff worked without adequate compensation under the Fair Labor Standards Act, 29 U.S.C. § 206, and the applicable Arizona wage-and-hour laws, A.R.S. §§ 23-355, 23-363. Although Plaintiff does not have complete payment records, that does

not diminish Plaintiff's claim where the employer does not keep adequate records for uncompensated work. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*. Defendants did not appear in this action, so it is presumed that they did not keep accurate records. The Court finds that these factors weigh in Plaintiff's favor.

Under the fourth factor, the Court considers the amount of money at stake related to the seriousness of Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Streeter*, 438 F. Supp. 2d at 1071. Plaintiff seeks unpaid wages in the amount of $640. (Doc. 18 at 6) Under A.R.S. § 23-355(A), this amount is trebled to $1,920. The Court finds the requested amount reasonable given Defendant's conduct. As a result, the fourth *Eitel* factor favors the entry of default judgment.

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment, but the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

Upon weighing all the *Eitel* factors, the Court finds that Plaintiff has a right to default judgment.

**IT IS THEREFORE ORDERED** that the Motion for Entry of Default Judgment Against Defendants (Doc. 18) is **GRANTED**. Plaintiff is awarded judgment against Defendants Felix Tire and Auto LLC, Felix Tire and Brakes LLC, and Luis E. Felix-Solano and Josefina A. Felix Corona (a married couple), collectively, individually, jointly, and severally:

    A.    For a trebled award of Plaintiff's unpaid wages of $640, in the amount of $1,920, for which Defendants Felix Tire and Auto LLC and Felix Tire and Brakes LLC are liable;

. . . .

      B.     Of that $1,920, for Defendants Felix Tire and Auto LLC, Felix Tire and Brakes LLC, and Luis E. Felix-Solano and Josefina A. Felix Corona (husband and wife) are jointly and severally liable for the amount of $1,722 in unpaid, trebled minimum wages;

      C.     For Plaintiff's attorneys' fees and costs, a motion for attorneys' fees and costs will be filed pursuant to LRCiv 54.2; and

      D.     For post judgment interest on the above amounts at a rate of 3.60% annually as of September 23, 2025.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter final judgment consistent with the Order and close this case.

Dated this 30th day of December, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge